**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Travis Gibbs,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-17-00434-PHX-DLR<br><br>**ORDER** |

Plaintiff applied for a period of disability and disability insurance benefits in October 2, 2012, alleging disability beginning November 20, 2010. (A.R. 15.) The claim was denied initially on October 26, 2012, and upon reconsideration on September 18, 2013. (*Id.*) Plaintiff then requested a hearing. (*Id.*) On December 2, 2014, Plaintiff and a vocational expert (VE) testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 34-67.)

On September 4, 2015, the ALJ issued a written decision, finding Plaintiff not disabled within the meaning of the Social Security Act, and this became the Commissioner's final decision when the Appeals Council denied review. (*Id.* at 1-4, 15-27.) On February 10, 2017, Plaintiff sought review by this Court. (Doc. 1.) After receipt of the administrative record (Doc. 7), the parties fully briefed the issues for review (Docs. 10, 16). For reasons stated below, the Court affirms the Commissioner's decision.

## BACKGROUND

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. If not, the claimant is disabled.

At step one, the ALJ found that Plaintiff last met the insured status requirements on June 30, 2014, and did not engage in substantial gainful activity during the period from his alleged onset date of November 20, 2010 through his date last insured of June 30, 2014. (A.R. 17.) At step two, the ALJ found that Plaintiff has the following severe impairments: spondylosis; history of prostatitis; history of gastritis; irritable bowel syndrome (IBS). (*Id.*) At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 20.) At step four, the ALJ found that Plaintiff:

> has the [RFC] to perform light work . . . except he was able to frequently climb ramps and stairs and never climb[] ladders,

> ropes, or scaffolds; [he] could frequently balance and stoop; [he could] occasionally kneel, crouch and crawl; and [he] should have avoided concentrated exposure to extreme cold. [Plaintiff] should not have been exposed to hazards such as moving machinery or unprotected heights and not have been required to drive as a work responsibility.

(*Id.* at 20.) The ALJ also found that Plaintiff was unable to perform any past relevant work. (*Id.* at 24.) At step five, however, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (*Id.* at 25.) Accordingly, the ALJ found Plaintiff not disabled. (*Id.* at 26.)

## **STANDARD OF REVIEW**

It is not the district court's role to review the ALJ's decision de novo or otherwise determine whether the claimant is disabled. Rather, the court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* The court, however, "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* Nor may the court "affirm the ALJ on a ground upon which he did not rely." *Id.*

## **DISCUSSION**

Plaintiff raises three issues on appeal. First, he argues that the ALJ erred by relying on medical experts that are not qualified to review his record. Second, Plaintiff contends that the ALJ erred in not concluding that side effects to medications caused him additional limitations. Third, Plaintiff argues that the ALJ erred at step five. (Doc. 10.) The Court addresses each in turn.

### **I. ALJ Did Not Err Relying On State Agency Consultants**

Plaintiff argues that the ALJ erred in relying on State agency medical consultants

because they were not specialists in urology. The Court finds this unpersuasive for two reasons. First, Plaintiff is mistaken factually, as State agency consultant Dr. Stephen M. Dickstein practices as a urologist. (Doc. 16 at 21.) Second, Dr. Dickstein opined that Plaintiff was not disabled because his physical impairments were non-severe. (A.R. 23.) The ALJ gave Dr. Dickstein's opinion little weight, finding that the medical records demonstrated Plaintiff's impairments are more severe and limiting than Dr. Dickstein opined. (*Id.*) The Court finds no error.

**II. ALJ Properly Considered Plaintiff's Testimony Regarding Side-Effects**

In evaluating a claimant's testimony regarding subjective pain or other symptoms, the ALJ must engage in a two-step analysis. First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that reasonably could be expected to produce some degree of the symptoms alleged. Second, if the claimant makes this showing and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The Court need not uphold all of the ALJ's reasons for discrediting a claimant, so long as substantial evidence supports the ALJ's decision. *See e.g.*, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff challenges the ALJ's findings regarding the severity of the medication side effects. (Doc. 10 at 5.) Plaintiff testified at the hearing about the "severe side effects including drowsiness, dizziness, and feeling tired" caused by his antibiotics and pain medication. (A.R. 23, 46-47.) The ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms and found no evidence of malingering. (*Id.*) The ALJ, however, did not find Plaintiff entirely credible; therefore she was required to articulate clear and convincing reasons for discounting the testimony. She did so here.

The ALJ found Plaintiff's testimony regarding the intensity, persistence, and limiting effects of the symptoms not entirely credible because the alleged severity of

Plaintiff's side effects was belied by the medical record. (*Id.* at 23.) This reason is clear and convincing. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); § 404.1529(c)(2). It also supported by substantial evidence. (*See, e.g.*, A.R. 433, 500-03, 585-87 (only medication side effect Plaintiff reported was constipation).) Therefore, the ALJ did not err.

### III. ALJ Did Not Error at Step Five

Finally, Plaintiff challenges the ALJ's step five determination, arguing that the ALJ failed to incorporate the VE's testimony that Plaintiff would be unable to find suitable employment as a result of his disability. (Doc. 10 at 1.) According to Plaintiff,

> [The VE] was present at the hearing and stated that [Plaintiff] was unable to perform his previous work skill because of the fact that the public as well as [Plaintiff] would not be safe. It was also agreed upon that [Plaintiff] would be unable to perform other sedentary work as he would have to take many breaks and would miss more than two days of work a month which would disqualify him from those types of employments as well.

(*Id.* at 4.) Plaintiff's argument misstates the VE's testimony in material respects. For example, although it is true that the VE determined that Plaintiff was unable to perform his previous work (A.R. 59), the VE also testified that a person with Plaintiff's RFC would be able to perform the requirements of light, unskilled work (*id.* at 59-61). Based on this testimony, the ALJ reasonably concluded that, through the date last insured, Plaintiff was capable of making an adjustment to other work that existed in significant numbers in the national economy.[1] (*Id.* at 26.)

//
//
//
//

---

[1] Plaintiff avers that he was unable to testify fully and freely at his hearing because of the nature of his illness and the presence of women. (Doc. 10 at 4.) But agency regulations place the burden on Plaintiff to demonstrate he is disabled, and part of that burden involves establishing the severity of his symptoms through sometimes uncomfortable testimony. The Court finds no basis for reversal.

## **CONCLUSION**

The ALJ's decision is free of harmful legal error and supported by substantial evidence. Therefore,

**IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**. The Clerk of the Court shall terminate this case.     Dated this 29th day of March, 2018.

Douglas L. Rayes
United States District Judge